UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9078 CAS (MANx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION; ET AL. v. TOBY DOUGLAS; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) ORDER RE: SCOPE OF PRELIMINARY INJUNCTION

## I.   INTRODUCTION AND BACKGROUND

On November 1, 2011, plaintiffs filed the instant action against Toby Douglas, Director of the California Department of Health Care Services (the "Director") and Kathleen Sebelius, Secretary of the U.S. Department of Health and Human Services (the "Secretary"). Plaintiffs filed their First Amended Complaint ("FAC") on November 18, 2011.

The California Department of Health Care Services ("DHCS") is a California agency charged with the administration of California's Medicaid program, Medi-Cal. The Secretary is responsible for administering the Medicaid program at the federal level. Through her designated agent, the Centers for Medicare and Medicaid Services ("CMS"), the Secretary is responsible for reviewing and approving policy changes that states make to their Medicaid programs.

Plaintiff California Hospital Association ("CHA") is a trade association representing the interests of hospitals in the State of California. Many of CHA's member hospitals operate skilled nursing facilities that are distinct units within the hospital, commonly referred to as "DP/NFs." Plaintiffs G.G., A.G., I.F., R.E., and A.W. are beneficiaries of the Medi-Cal program who require skilled nursing services.

On March 25, 2011, California Governor Edmund G. Brown Jr. signed into law Assembly Bill 97 ("AB 97"), the health budget trailer bill for California fiscal year

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9078 CAS (MANx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION; ET AL. v. TOBY DOUGLAS; ET AL. | | |

2011–2012. AB 97 enacted significant payment reductions for many classes of services provided under the Medi-Cal program. Most significantly for the purposes of the instant action, AB 97 enacted California Welfare and Institutions Code § 14105.192, which authorizes the Director to reduce the Medi-Cal payment rates for various categories of services, effective June 1, 2011. Most of the rate reductions called for are flat 10 percent reductions. However, pursuant to Welfare and Institutions Code § 14105.192(j), reimbursement for certain services may not exceed the reimbursement rates that were applicable to those claims of providers in the 2008–09 rate year, reduced by 10 percent. Among the services impacted by this provision are DP/NF services.

DHCS submitted proposed State Plan Amendment ("SPA") 11-010 to CMS on June 30, 2011, seeking federal approval of the rate reduction and incorporation of that reduction into California's Medi-Cal State Plan. On September 27, 2011, CMS issued a letter to DHCS requesting additional information concerning the proposed rate reduction. This Request for Additional Information ("RAI") focused on the impact of the rate reduction on access to services. DHCS responded with an "Access Analysis" and a plan for monitoring access. On October 27, 2011, in a letter from the Associate Regional Administrator of the Division of Medicaid & Children's Health Operations, CMS provided notice to the Director and DHCS that it had approved the SPA.

Plaintiffs seek a declaration that the rate reduction violates the Takings Clause of the Fifth Amendment to the United States Constitution, the Takings Clause of the California Constitution,[1] numerous provisions of the Medicaid Act,[2] and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 et seq. Prayer for Relief ¶ 1. Plaintiffs further seek a declaration that it was arbitrary, capricious, and an abuse of discretion for the Secretary to approve the SPA incorporating the rate reduction into California's State Plan. Id. ¶ 2. Plaintiffs also request that the Court set aside the Secretary's approval, and enjoin the Director from effectuating the rate reduction. Id. ¶¶ 3, 4.

---

[1] Cal. Const. art. 1, § 19.

[2] Specifically, plaintiffs allege violations of 42 U.S.C. § 1396a(a)(8) ("Section (a)(8)"), 42 U.S.C. § 1396a(a)(19) ("Section (a)(19)"), and 42 U.S.C. § 1396a(a)(30)(A) ("Section 30(A)").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9078 CAS (MANx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION; ET AL. v. TOBY DOUGLAS; ET AL. | | |

On December 28, 2011, the Court issued an order granting a preliminary injunction. That order stated, in pertinent part:

> Defendant Toby Douglas, Director of the California Department of Health Care Services, his employees, his agents, and others acting in concert with him shall be, and hereby are, enjoined and restrained from violating federal law by implementing or otherwise applying the reduction on Medi-Cal reimbursement for skilled nursing services rendered by distinct part hospital units on or after June 1, 2011, pursuant to Assembly Bill 97 enacted by the California Legislature in March 2011, as codified at California Welfare and Institutions Code § 14105.192(j).

Dkt. No. 59 at 27.

At oral argument in the related case California Medical Association v. Douglas, No. CV 11-9688 CAS (MANx), the Director argued that the Court cannot enjoin the implementation of the challenged rate reduction for services rendered between June 1, 2011, and the date of the Court's order because such an injunction would violate California's Eleventh Amendment immunity. The Court found this argument persuasive, holding:

> Insofar as the Director has not yet reimbursed providers for services rendered between June 1, 2011, and the date of this order, the Court finds and concludes that an injunction restraining the implementation of the rate reduction would be contrary to the State's Eleventh Amendment immunity. In this respect, the Court is guided by the Ninth Circuit's explanation that "whether relief is prospective or retrospective in the Medicaid payment context turns on the date of service, not the date of payment." ILC II, 572 F.3d at 661 n.19. Under this definition, an injunction precluding the Director from reducing payments for services already rendered would constitute a retrospective award of damages in violation of the Eleventh Amendment.

On January 31, 2012, the Court ordered plaintiffs to show cause why the preliminary injunction should not be modified to exclude reimbursements not yet paid by the Director for services provided between June 1, 2011, and December 28, 2011. Plaintiffs submitted their response to the Court's order on February 6, 2012. Thereafter,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9078 CAS (MANx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION; ET AL. v. TOBY DOUGLAS; ET AL. | | |

the Court ordered the Director to reply.  The Director submitted his reply on February 15, 2012.  After considering the parties' arguments, the Court finds and concludes as follows.

**II.    DISCUSSION**

Plaintiffs contend that they have suffered no uncompensated injury for services provided prior to December 28, 2012.  Therefore, plaintiffs argue that they seek no compensation for past State action within the meaning of the Eleventh Amendment bar on retrospective "damage" recovery.  Plaintiffs' Response at 3.  Plaintiffs argue that it would not be contrary to the State's Eleventh Amendment immunity for the Court to "end a present violation of federal law" by preventing further payment reductions by the Director even if such payments are for services rendered prior to the date of the Court's injunction.  Id.

Plaintiffs argue that the issue presented in Indepenent Living Centers v. Maxwell-Jolly, 572 F.3d 644, 661 n.19 (9th Cir. 2009) ("ILC II") is factually distinguishable because in that case the State had already reduced provider payments for approximately six weeks, pursuant to a statutory provision that had been effective for that same period, before this Court issued an injunction preventing further violations of federal law.  Plaintiffs' Response at 1.  According to plaintiffs, this is distinct from the question presented in this case, which concerns whether the Eleventh Amendment would be violated by preventing the Director from reducing payments not yet made for services rendered before the Court's injunction issued.  Id.  Plaintiffs argue, in effect, that they have not suffered any injury unless and until they are paid less than they were entitled to receive absent a violation of federal law.

In support of their argument, plaintiffs rely on Cardenas v. Anzai, 311 F.3d 929 (9th Cir. 2002).  Id. at 1–2.  In that case, the Ninth Circuit observed that the Supreme Court had narrowed the scope of the prohibition against retrospective relief in Papasan v. Allain, 478 U.S. 265 (1986).  In Papasan, the Supreme Court explained that the inquiry must focus on the purpose of the relief sought, noting:

> Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred

Case 2:11-cv-09078-CAS-MAN   Document 81   Filed 03/08/12   Page 5 of 8   Page ID #:4058

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9078 CAS (MANx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION; ET AL. v. TOBY DOUGLAS; ET AL. | | |

even when the state official is the named defendant. . . . On the other hand, relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury.

Papasan, 478 U.S. at 278.

Plaintiffs note also that two of the cases upon which the Ninth Circuit relied in ILC II illustrate that looking at the date of service cannot by the dispositive inquiry in this case. Plaintiffs' Response at 4. Specifically, plaintiffs argue that in both New York City Health & Hosps. Corp. v. Perales, 50 F. 3d 129, 137 (2d Cir. 1995) ("Perales") and Wisc. Hosp. Ass'n v. Reivitz, 820 F.2d 863, 867 (7th Cir. 1987) ("Reivitz"), the state Medicaid payment policies at issue were in effect and fully operational when all relevant services were rendered and long before any equitable relief was issued. Id.

Finally, plaintiffs argue that most of the services in question in this case were rendered before the challenged rate reduction went into effect. In this respect, plaintiffs note that by the express terms of the statute that created it, the rate reduction at issue herein could not be implemented, unless and until it received approval from CMS. Plaintiffs' Response at 4–5. Therefore, although plaintiffs maintain that the injunction may apply to any services for which payment has not yet been made, in the alternative, plaintiffs argue that the Eleventh Amendment would not bar the injunction from applying to services furnished before CMS' approval. Id. at 5.

In his reply, the Director argues that in the Medicaid context, the Second, Seventh and Ninth Circuits have expressly held that for purposes of determining whether an order would have an impermissible impact on the State treasury, the inquiry "turns on the date of service, 'even if the Department has not yet tendered payment for the services.'" Director's Reply at 1 (quoting ILC II, 572 F.3d at 661 n. 19 (citing Perales, 50 F.3d at 137; Reivitz, 820 F.2d at 867)).

The Director maintains that plaintiffs' attempt to distinguish ILC II from this case based on the timing of DHCS's implementation of AB 97 is unfounded. Director's Reply at 4. According to the Director, while the implementation date is merely when DHCS begins to process providers' invoices, providers were on notice of the change in the law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9078 CAS (MANx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION; ET AL. v. TOBY DOUGLAS; ET AL. | | |

when AB 97 was enacted by the California Legislature in March 2011. Thus, the Director argues that plaintiffs were on notice that beginning in March 2011, subject to federal approval, reimbursement rates would be reduced for dates of service commencing June 1, 2011. Id.

Finally, the Director argues that if plaintiffs were entitled to higher reimbursement rates for services rendered before the date of the injunction, then there would be no risk of irreparable harm justifying the issuance of the preliminary injunction. Id. at 5.

The Court finds that its injunction must be modified to exclude coverage of services rendered between June 1, 2011, and December 28, 2011, the date the Court granted the preliminary injunction. Absent such a modification, the State would effectively be required to pay funds from its treasury—the difference between full payment and the payment that would be required under AB 97—for liability that accrued before the date of the injunction.

In ILC II, the Ninth Circuit explained that in the Medicaid context, the appropriate inquiry for determining whether the Eleventh Amendment would bar relief as retrospective is the date services were rendered even if the State has not yet tendered payment for such services. 572 F.3d at 661 n. 19. The Second Circuit's decision in Perales, 50 F.3d 129, and the Seventh Circuit's decision in Reivitz, 820 F.2d 863, confirm the Ninth Circuit's position. In Perales, the Second Circuit reversed the district court's order compelling New York's Department of Social Services ("DSS") "to provide full Medicaid reimbursements to plaintiffs for medical services that were performed prior to the date of the district court's judgment, but for which reimbursement claims were not filed with DSS until after the date of judgment." Perales, 50 F.3d at 130. As here, the plaintiffs in Perales maintained that they were entitled to payment for claims properly submitted after the date of the district court's order even though services were rendered prior to that date, arguing that "the 'real injury' occurs at the time the regulation is brought into play for the purpose of denying their claims." Id. at 132–33. The Second Circuit rejected the argument, holding that "plaintiffs' proposition does not rest comfortably in the reality of the Medicaid schemes or in Eleventh Amendment jurisprudence as it has been applied to Medicaid reimbursement disputes." Id. at 136. Similarly, in Reivitz, the Seventh Circuit rejected the plaintiffs' request for injunctive relief seeking Medicaid payments for services rendered before the injunction issued, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9078 CAS (MANx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION; ET AL. v. TOBY DOUGLAS; ET AL. | | |

which had not yet been paid by the state of Wisconsin. Reivitz, 820 F.2d at 867. The court found plaintiffs' claims distinguishable from the prospective relief anticipated in Ex parte Young, explaining:

> A suit under Ex parte Young envisages a situation in which state officials are being told in effect to leave the plaintiff alone. The relief sought is against the officials; the state treasury is not directly affected. But if the officials retain the money claimed by the plaintiff and deposit it in the state treasury . . . a suit asking the officials not to interfere with the plaintiff is of no use to him. What he needs is payment. And here it is sought from the state treasury. . . .

Reivitz, 820 F.2d at 867. Here, absent a modification, the Court finds that its injunction would violate the Eleventh Amendment by effectively requiring the State to pay damages from its treasury.

The Court rejects plaintiffs' attempt to distinguish ILC II from this case based on the timing of DHCS's implementation of the challenged rate reduction. As the Director explains, the implementation date merely represents when DHCS begins to process providers' invoices. Because the proper focus is on when services were rendered, the date DHCS begins to process invoices is irrelevant.[3]

/ / /

/ / /

/ / /

---

[3] For this reason, plaintiffs' contention (at p. 5 n.1) that part of the reason an injunction was not issued before December 28, 2011, was that DHCS agreed not to implement the rate reduction until after the hearing on plaintiffs' motion for preliminary injunction is also irrelevant. Although it is possible for a state to waive sovereign immunity through its litigation conduct, see New Hampshire v. Ramsey, 366 F.3d 1, 16 (1st Cir. 2004), the Court finds that the State's agreement not to process provider invoices until after the preliminary injunction hearing did not constitute a waiver in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9078 CAS (MANx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | CALIFORNIA HOSPITAL ASSOCIATION; ET AL. v. TOBY DOUGLAS; ET AL. | | |

## III.   CONCLUSION

In accordance with the foregoing, the Court hereby modifies the preliminary injunction to exclude coverage of services rendered between June 1, 2011, and December 28, 2011.

IT IS SO ORDERED.

00:00
CMJ